the position of patrolman of said city, to permit him to perform his duties as such patrolman, to assign him to duty, and to certify and pay him his salary and compensation from and including the 1st day of January, 1898, at the rate of $800 per year." Under this order the relator appears to have acted as a patrolman upon the police force of the city up to the present time. He applied to the board of police to be restored to the grade of sergeant, and his application was denied on July 25, 1899. The present proceeding was instituted to enforce his claim to be restored to that rank.

It seems to us quite clear that he is not entitled to the relief which he seeks. As was pointed out by this court in the case of People v. York, 44 App. Div. 539, 60 N. Y. Supp. 889, the transfer of village policemen to the police force of the new city, which was effected by section 276 of the Greater New York charter, did not carry with it the right on the part of a transferred officer to retain the same rank which he held as a member of the village force. It is true that section 281 declared that, until the board of police provided otherwise, the rank of a transferred member should be the same as it was in the police force to which he had previously belonged. The same section, however, expressly empowered the board of police "to fix and assign the rank, title, duties, powers and place of service of said transferred members." In the case of the relator, it may be that in the first mandamus proceeding he was entitled to greater relief than was then granted to him, and that the writ which was then allowed should have commanded his reinstatement as a sergeant instead of merely as a patrolman. He seems to have been quite well satisfied with this measure of redress, however, for many months, until he asked the board to restore him to the rank of sergeant, and the board refused to do so in July, 1899. We think that the action of the board at this time may be regarded, and should be regarded, under the circumstances of this case, as a valid exercise of the power conferred upon the commissioners by the clause which we have quoted from section 281 of the charter, to fix and assign the rank and duties of members of the police force transferred from other municipalities. The board has done simply what it ought to have done, and the relator has no just cause to complain. Indeed, he should rather be regarded as peculiarly fortunate in having become a member of the permanent police establishment of a great city upon the strength of 10 days' service as a village policeman.

The order of the special term should be affirmed, with $10 costs and disbursements. All concur, except WOODWARD, J., absent.

---

(49 App. Div. 3.)

## In re GALL'S ESTATE.

(Supreme Court, Appellate Division, Second Department. March 13, 1900.)

PLEADING—MOTION TO STRIKE—AFFIDAVITS—TIME.

    After a party has acquiesced in the use of affidavits in proceedings in the surrogate's court, and they have been considered by the court as a part of the record, and used for all the purposes for which they were made,

and no further use of them is contemplated, it is too late to move to strike them from the record, for the reason that they divulge a privileged communication.

Appeal from special term.

Action by Charles F. Gall against the estate of Joseph Gall, deceased. From an order denying a motion to strike certain affidavits from the files, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Ira Leo Bamberger (Fernando Solinger, on the brief), for appellant.
Alfred E. Mudge, for respondent the American Surety Company.

PER CURIAM. We agree with the learned surrogate that whatever right the petitioner had to have the affidavits mentioned in the motion disregarded and stricken from the record his motion came too late, and for that reason should be denied. One of the affidavits was sworn to October 1, 1898, and the other November 1st of the same year. They were both read upon the proceeding in the surrogate's court, and were made a part of the record on appeal from such determination. The only objection which was raised thereto by the petitioner was that the matter in the affidavits could not be considered, for the reason that it divulged a privileged communication, and this objection has been considered in dealing with them. Having thus acquiesced in the use of these affidavits, and they having been considered by the court as a part of the record in the proceeding, and having been used for all of the purposes for which they were made, and no further use of them being contemplated, we think there is no way in which the petitioner can be prejudiced by them, and that there has been such laches in making the motion that it ought not now to be granted.

The order should therefore be affirmed, with $10 costs and disbursements.

---

(49 App. Div. 133.)

### McCREERY v. INGE et al.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

REAL-ESTATE BROKERS—COMMISSIONS—INTERPLEADER.

    There is no such privity between real-estate brokers claiming commissions under independent contracts by reason of the same sale, nor is the principal's personal liability such a distinct fund in his hands as to authorize a bill of interpleader by the principal to determine which broker is entitled to the commission.

Appeal from special term, New York county.

Interpleader by James McCreery against Stark H. Inge and others. From an order continuing a preliminary injunction enjoining further prosecution of an action at law for the commission, defendant Inge appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Louis Sturcke, for appellant.
James MacG. Smith, for respondent.